[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12947

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DERRICK HUNT,
a.k.a. Derrick Martin Hunt,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00530-SDG-JEM-1

_____

Before BRANCH, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Derrick Hunt appeals his conviction after pleading guilty to enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct: a violation of 18 U.S.C. § 2251(a), (e). On appeal, Hunt challenges the district court's denial of his motion to suppress evidence seized pursuant to a search warrant. No reversible error has been shown; we affirm.

Briefly stated, officers with the Roswell Police Department surveilled a fast-food restaurant after receiving information that a missing 14-year-old girl (A.P.) would be dropped off in the vicinity. Officers observed a car enter the parking lot and a girl matching A.P.'s description exit the car. Officers conducted a traffic stop, identified the car's driver as Hunt, and placed Hunt under arrest.

During an interview, A.P. told officers that she had been staying at Hunt's apartment for three weeks, during which time she had had multiple sexual encounters with Hunt in exchange for drugs. A.P. also reported that Hunt had taken nude photographs of her and had videotaped their sexual encounters.

On 7 July 2012, officers obtained a search warrant to search Hunt's apartment. The search warrant listed the items to be searched for and seized from the premises. This list included, among other things, "computers, laptops, electronic data storage

22-12947               Opinion of the Court                3

devices, and any and all child pornographic images or data located within, photographs, VHS tapes, [and] Compact Disks containing videos."

Later that same day, officers executed the search warrant on Hunt's home. During the search, an officer "previewed" the contents of Hunt's computer. After locating an image of A.P., officers seized Hunt's computer. On 25 July, officers obtained a second search warrant authorizing a full forensic search of the contents of Hunt's computer.

Hunt moved to suppress evidence found during the search of his home.[1] Pertinent to this appeal, Hunt argued that the officers exceeded the scope of the 7 July search warrant when they previewed the contents of his computer. Following a suppression hearing, the district court denied Hunt's motion.

Hunt entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion to suppress. The district court sentenced Hunt to 210 months' imprisonment followed by a life term of supervised release.[2]

On appeal, Hunt challenges the district court's denial of his motion to suppress. According to Hunt, officers exceeded the scope of the 7 July search warrant when -- during the search of his home -- officers "previewed" the contents of his computer. Hunt

---

[1] Hunt also moved to suppress evidence obtained during the traffic stop. The district court denied the motion; that ruling is not before us on appeal.

[2] Hunt raises no challenge to the lawfulness of his sentence.

argues that the plain language of the search warrant authorized officers to search only the contents of "electronic data storage devices," not the contents of "computers."  As a result of the supposed improper search, Hunt says all evidence found on his computer must be suppressed.

When reviewing the district court's denial of a motion to suppress evidence, we review the district court's factual findings for clear error and the district court's application of law to those facts *de novo*.  *See United States v. Campbell*, 26 F.4th 860, 870 (11th Cir. 2022) (*en banc*).  We construe the facts in the light most favorable to the prevailing party.  *Id*.

Under the Fourth Amendment, a search warrant must describe with particularity "the place to be searched, and the persons or things to be seized."  *See* U.S. Const. amend. IV; *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000).  "The permissible scope of a search is governed by the terms of the warrant, and the search may be 'as extensive as reasonably required to locate the items described in the warrant.'"  *United States v. Moon*, 33 F.4th 1284, 1296 (11th Cir. 2022).

The 7 July search warrant listed the evidence or contraband to be searched for at Hunt's residence, including "computers, laptops, electronic storage devices, *and any and all child pornographic images or data located within*."  (emphasis added).  The district court determined that the warrant's "located within" language expressly permitted officers to search the contents of Hunt's computer during the 7 July search of Hunt's home.  In addition, the district court

concluded that officers -- at a minimum -- were permitted to preview the computer's contents to determine whether it contained the kind of evidence subject to seizure.

A plain reading of the search warrant supports the district court's ruling. The language of the search warrant can be interpreted reasonably as authorizing a search for pornographic material "located within" all three of the listed devices -- computers, laptops, and electronic storage devices -- found at Hunt's home.

Given the kind of evidence described in the search warrant, we also have no doubt that the officers were permitted to perform a "preview" search to determine whether the computer was an item subject to seizure under the warrant. *See Moon*, 33 F.4th at 1297 (concluding that a warrant authorizing the seizure of "tapes" permitted an officer to view a small portion of each tape found on the premises "to determine whether each particular tape fell within the warrant").

Considering the plain language of the search warrant and the circumstances involved in this case, the district court committed no error in determining that officers were authorized by the 7 July search warrant to preview the contents of the computer found at Hunt's apartment.

AFFIRMED.